**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-01444

THOMAS ALLEN GRAY, Individually and on Behalf of All Others Similarly Situated,

     Plaintiff,

v.

BIOGEN INC., CHRISTOPHER A. VIEHBACHER, MICHEL VOUNATSOS, and MICHAEL R. MCDONNELL,

     Defendants.

---

**UNOPPOSED MOTION TO TRANSFER TO THE DISTRICT OF MASSACHUSETTS
PURSUANT TO 28 U.S.C. § 1404**

---

Defendants Biogen, Inc. ("Biogen"), Christopher Viehbacher, Michael McDonnell, and Michel Vounatsos (together, "Individual Defendants," and, together with Biogen, "Defendants") respectfully move on an unopposed basis for the Court, pursuant to 28 U.S.C. § 1404(a), to enter an order transferring this securities class action (the "Action") to the District of Massachusetts where Biogen's corporate headquarters are located and all three Individual Defendants were or are employed.  This case has no meaningful connection to the District of Colorado.  No Defendant is located here, and the newly appointed lead plaintiff resides in New York.  The conduct alleged concerns public statements issued by Biogen from Massachusetts or through its website, which it maintains from Massachusetts.  The vast majority of relevant witnesses and evidence are expected to be located in Massachusetts.  And the District of Massachusetts is a less congested court.  Plaintiff does not oppose transfer.

**FACTUAL BACKGROUND AND PROCEDURAL POSTURE**

Biogen is a global pharmaceutical company that discovers, develops, and delivers therapies for people living with serious and complex diseases. Compl. ¶ 2. Biogen was incorporated in Delaware and maintains its corporate headquarters in Cambridge, Massachusetts. *Id.* ¶ 29.

Biogen has a broad portfolio of products including Skyclarys and Leqembi in collaboration with Eisai Co., Ltd. *Id.* ¶ 3; Decl. ¶ 4. Christopher Viebacher is Biogen's President and Chief Executive Officer. Compl. ¶ 30. Michael McDonnell is Biogen's Chief Financial Officer. *Id.* ¶ 32. Both Mr. Viebacher and Mr. McDonnell work at Biogen's corporate headquarters in Cambridge, Massachusetts. Decl. ¶¶ 7–8. Michel Vounatsos is Biogen's former Chief Executive Officer. Compl. ¶ 31. Mr. Vounastos worked at Biogen's corporate headquarters in Cambridge, Massachusetts while employed by Biogen during the putative class period; however, he currently resides abroad. Decl. ¶ 8.

On May 22, 2024, Plaintiff filed this nationwide putative class action on behalf of all persons and entities that purchased or otherwise acquired Biogen common stock between February 3, 2022 and February 13, 2024. Compl. ¶ 1. On July 22, 2024, Francis Clarity Stokes, a resident of New York, moved for appointment of lead plaintiff. Dkts. 7, 8-4. On September 4, 2024, the Court granted the unopposed motion. Dkt. 23.[1] The Complaint asserts two federal causes of action: (1) violation of Section 10(b) of the Securities and Exchange Act of 1934 ("Exchange Act"); and (2) control person liability under Section 20(a) of the Exchange Act.

---

[1] Thomas Gray, a resident of Colorado, filed the Complaint. Compl. at 1. However, Mr. Gray did not move to be appointed lead plaintiff. He is therefore not expected to have further involvement in this litigation. Dkts. 7, 8-4.

Compl. ¶¶ 105–20.  The Complaint alleges that certain public statements by Biogen were materially false or misleading because Biogen allegedly misrepresented or failed to disclose information concerning Leqembi patient goals, discontinuation of Aduhelm, Biogen's operations in foreign countries, its acquisition of a company called Reata Pharmaceuticals, and statements regarding corporate governance and compliance.  *Id*. ¶¶ 42–79.

The Complaint does not allege that any challenged statements were made from Colorado or that any discussions or other conduct related to issuing these statements occurred in Colorado. Rather, Biogen's public statements that are challenged in the Complaint largely were prepared in or issued from the company's corporate headquarters in Massachusetts or from its website, which is maintained in Massachusetts.[2]  Decl. ¶¶ 9–11.

## ARGUMENT

"[A] district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  Courts in the Tenth Circuit consider the following factors in assessing convenience and the interests of justice: plaintiff's choice of forum; accessibility of witnesses and sources of proof; cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; conflict of laws; advantages of having a local court determine questions of local law;

---

[2] For example, the Complaint challenges: statements in press releases and SEC filings that were prepared from and issued from Massachusetts (*see* Decl. ¶¶ 9, 11; *see, e.g.*, Compl. ¶¶ 42, 44, 47–48, 51, 57, 60–61, 66, 68, 72, 78); statements from the ESG Report and Comprehensive Compliance Program that were published on Biogen's website, which is maintained in Massachusetts (*see* Decl. ¶ 10; *see, e.g.*, Compl. ¶¶ 52, 63).

and, all other considerations of a practical nature that make a trial easy, expeditious and economical. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

Here, the Action could have been brought against Defendants in the District of Massachusetts, all parties consent to transfer to the District of Massachusetts, the District of Colorado is inconvenient as no parties reside here and key witnesses and evidence will likely be concentrated in the District of Massachusetts, and the interests of justice will be better served through litigation in the District of Massachusetts. In addition, Plaintiff does not oppose transfer.

A. **All Parties Consent to Transfer to the District of Massachusetts and This Action Could Have Been Brought in the District of Massachusetts**

All parties consent to transfer to the District of Massachusetts, which makes it an appropriate transferee forum. 28 U.S.C. § 1404(a) (court may transfer any civil action "to any district or division to which all parties have consented").

In addition, this Action could have been brought in the District of Massachusetts because venue is proper in the District of Massachusetts and Defendants are all subject to personal jurisdiction there. *See Chrysler,* 928 F.2d at 1515 (transferee forum must be both appropriate venue and forum where each defendant is subject to personal jurisdiction).

Venue is proper in the District of Massachusetts because a substantial part of the events or omissions giving rise to the claim occurred in Massachusetts, which is the location of Biogen's corporate headquarters where each of the Defendants worked during the putative class period. Decl. ¶¶ 6–8; 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."); 15 U.S.C. § 78aa(a) ("Any suit or action to enforce any liability or duty created

4

by [the Exchange Act] or rules and regulations thereunder, . . . may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business . . . .").  Venue also is proper in the District of Massachusetts because an act or transaction purportedly constituting the violation occurred in the District of Massachusetts.  *See* 15 U.S.C. § 78aa(a) (specific venue provision for Exchange Act claims, providing for venue in "the district wherein any act or transaction constituting the violation occurred").

Biogen is subject to personal jurisdiction in the District of Massachusetts because it maintains its principal place of business there.  Decl. ¶ 5; *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  Messrs. Viehbacher and McDonnell are subject to personal jurisdiction in the District of Massachusetts because they work in Massachusetts and the allegations in the Complaint arise out of their contacts with Massachusetts.  Decl. ¶¶ 6–7; *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 262 (2017).  Mr. Vounatsos, who served as the Chief Executive Officer of Biogen from 2017 to 2022 but currently resides abroad, consents to personal jurisdiction in the District of Massachusetts.  *See* 15 U.S.C. § 78aa(a) (providing for nationwide service of process in Exchange Act cases); *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1212 (10th Cir. 2000) ("[I]n a federal question case where jurisdiction is invoked based on nationwide service of process, the Fifth Amendment requires the . . . forum to be fair and reasonable to the defendant.").

B.    **The Convenience and Interests of Justice Factors Favor Transfer**

i.    **Plaintiff's Choice of Forum Is Not Entitled to Deference**

As an initial matter, Plaintiff does not oppose transfer to the District of Massachusetts.  In any event, Plaintiff's choice of forum is given minimal weight and thus weighs in favor of

transfer.  The Action is a putative class action, in which Ms. Stokes, the lead plaintiff, resides in New York.  *See In re Choice Hotels, Inc. Sec. Litig.*, 2008 WL 793621, at *2 (D. Colo. Mar. 24, 2008) ("[P]laintiffs' choice of forum receives reduced deference in a proposed class action."); *see also Job Haines Home for the Aged v. Young*, 936 F. Supp. 223, 228–30 (D.N.J. 1996) (transferring putative securities class action in part because "weight of authority holds that … the class representative's choice of forum is entitled to lessened deference").

Further, as the Complaint makes clear, the facts giving rise to the Action also have no relationship or connection to Colorado.  *See Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993) (giving reduced weight to plaintiff's selected forum where case concerned collision in Oklahoma but was filed in Kansas).  Here, the Complaint does not allege that any challenged statements were made from Colorado or that any discussions or other conduct related to issuing these statements occurred in Colorado.  *See supra* at 3 & n.2. (explaining that nearly all challenged statements were prepared in or issued from Massachusetts).

Indeed, the only apparent reason this case was brought in Colorado initially is because the first putative class plaintiff (Mr. Gray) to sue apparently resides in Colorado.  But Mr. Gray did not seek to be appointed as lead plaintiff, and Ms. Stokes has been appointed.  Thus, the prosecution of this case going forward will lack any connection at all to Colorado.

### ii.    The District of Massachusetts Is More Convenient for Witnesses and Documents

The District of Massachusetts is the decidedly more convenient forum to ensure access to witnesses and discovery. This factor weighs strongly in favor of transfer.

"The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010).

To demonstrate inconvenience, the movant must "(1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary." *Id.* (internal quotation marks omitted).

The majority of witnesses expected to be needed in this Action are Biogen employees who work at Biogen's corporate headquarters in Massachusetts or are able to travel to Massachusetts to participate in this case.  For example, as noted *supra*, the statements challenged in the Complaint were all issued from Biogen's corporate headquarters in Cambridge, Massachusetts.  *See supra* at 3 & n.2.  Employees involved in these statements may be called as witnesses.  Many of the Biogen employees who made or prepared statements challenged in the Complaint work in Massachusetts or can travel easily to Massachusetts (Decl. ¶ 12) and thus would be beyond the subpoena power of this Court, which could make securing their testimony challenging.  *See* Fed. R. Civ. P. 45.

In addition, potential sources of proof will involve documents, emails, and other files concerning Biogen and its public statements and substantive information concerning the topics discussed in those statements.  These materials were predominantly issued from Biogen's corporate headquarters in Massachusetts.  *See* Decl. ¶¶ 9–11; *Zeier v. G.F. Inv. Servs., LLC*, 2019 WL 1244968, at *4 (D. Colo. Feb. 28, 2019) (transferring securities case to Florida where "document evidence … will be located").  Accordingly, the overwhelming majority of documents concerning the allegations in the Complaint are likely to be located in Massachusetts at Biogen's corporate headquarters.  There is no known evidence—either in terms of potential witnesses or relevant documents—located in Colorado.

For this reason, courts around the country routinely transfer securities class actions in similar circumstances to the district where the Defendant corporation maintains its principal place of business. *See, e.g.*, *Doshi v. Gen. Cable Corp.*, 2014 WL 12774226, at \*3 (S.D.N.Y. Feb. 5, 2014) ("[T]ransfer of a securities-fraud action to the district where the issuer is headquartered . . . [is] routine as a practical matter."); *Gallagher v. Ocular Therapeutix, Inc.*, 2017 WL 4882487, at \*4 (D.N.J. Oct. 27, 2017) (transferring securities class action to place where defendant corporation was located); *Huang v. Sonus Networks, Inc.*, 2016 WL 1090436, at \*3 (D.N.J. Mar. 21, 2016) (same); *In re Yahoo! Inc.*, 2008 WL 707405, at \*9 (C.D. Cal. Mar. 10, 2008) (same); *In re Choice Hotels, Inc. Sec. Litig.*, 2008 WL 793621, at \*1–2 (same).

### iii.    The Cost of Making the Necessary Proof Is Lower in the District of Massachusetts

The cost of making the necessary proof is expected to be substantially lower in Massachusetts than in Colorado. It would be costly to transport all parties, their counsel, witnesses, and evidence from Biogen's corporate headquarters or elsewhere to Colorado. The cost-savings of proceeding with this Action in Massachusetts weighs in favor of transfer.

### iv.    The District of Massachusetts Has Less Congested Dockets

Data suggests that this Action is likely to be resolved in around the same time or more quickly in the District of Massachusetts and thus weighs in favor of transfer or is neutral. When evaluating relative congestion of dockets, courts focus on statistics concerning the median time from filing to trial, median time from filing to disposition, pending cases per judge, and average

8

weighted filings per judge.  *See Emps. Mut. Cas.*, 618 F.3d at 1169.  Below is the most recent

data from the United States District Courts National Judicial Caseload Profiles:[3]

| Data | D. Colo. | D. Mass. |
|---|---|---|
| Median Time from Filing to Trial | 30.4 months | 35.9 months |
| Median Time from Filing to Disposition | 7.5 months | 7.2 months |
| Pending Cases Per Judge | 546 | 414 |
| Average Weighted Filings Per Judge | 610 | 312 |

Although the time between filing and trial is slightly longer in Massachusetts as

compared to Colorado and Massachusetts disposes of cases only slightly more quickly, judges in

Massachusetts maintain significantly lighter caseloads.  Where three of the four relevant

statistics illustrate that the District of Colorado has a more congested docket, this factor weighs

in favor of transfer.  *See, e.g.*, *R.J. v. Optima Health*, 649 F. Supp. 3d 1207, 1215 (D. Utah 2022)

(congestion factor weighed in favor of transfer where filing to disposition, pending cases per

judge, and average weighed filings per judge statistics were lower in transferee court).

> v.    **The Remaining Factors Are Neutral**

Each of the remaining factors is neutral.  *First*, a judgment, if obtained, "may be enforced

in any other federal court through a very simple 'registration' process in the federal court where

enforcement would take place," rendering this factor neutral.  *Anza Tech., Inc. v. Xilinx, Inc.*,

2017 WL 4864947, at *5 (D. Colo. Oct. 27, 2017) (citing 28 U.S.C. § 1963).  *Second*, Plaintiff

alleges only federal claims; thus, this Action presents no conflict-of-laws issues or questions of

local law that should be determined by a local court.  *See, e.g.*, *In re Choice Hotels, Inc. Sec.*

---

[3] Administrative Office of the United States Courts, Federal Court Management Statistics, Reports June 2024, available at
https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2024.pdf

*Litig.*, 2008 WL 793621, at *2 (granting motion to transfer and concluding that these factors are inapplicable or neutral in securities fraud case).  *Third*, Defendants are unaware of any relative advantages or obstacles to a fair trial in either district and believe the federal district courts in Colorado and Massachusetts are equally capable of providing a fair trial.  *See, e.g.*, *Emps. Mut. Cas.*, 618 F.3d at 1170 (factor either neutral or irrelevant when no obstacles could be identified).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that, pursuant to 28 U.S.C. § 1404(a), the Court enter an Order transferring this Action to the United States District Court for the District of Massachusetts.  Plaintiff does not oppose the relief requested.

Respectfully submitted,

*/s/ Jessica Lewis*
Jessica Lewis
Wilmer Cutler Pickering Hale and Dorr LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: 628-235-1000
E-mail: jessica.lewis@wilmerhale.com

*Attorney for Defendants*

10

**CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1(A)**

I confirm that Defendants have conferred with the opposing counsel in good faith regarding this motion, as required under local rule D.C. COLO. LCivR 7.1(a), and that opposing counsel assented to the relief sought in this motion.

*/s/ Jessica Lewis*
Jessica Lewis

**CERTIFICATE OF SERVICE**

I certify that on September 9, 2024, I filed the foregoing document with the Clerk of Court using the CM/ECF method, which filing electronically served all counsel of record thereby.

*/s/ Jessica Lewis*
Jessica Lewis